IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:08CR353** |
| **Plaintiff,** | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| **PRINCE SPELLMAN,** | ) | |
| **Defendant.** | ) | |

The Court has received the Presentence Investigation Report ("PSR") in this case. The parties have not objected to the PSR.[1] The Defendant has filed a motion for downward departure and sentencing memorandum (Filing No. 35). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

IT IS ORDERED:

1.  The parties are notified that my tentative findings are that the PSR is correct in all respects;

2.  If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary

---

[1] The Court notes the Addendum that refers to the Defendant's informal objections to the probation officer. However, it is apparent through the Defendant's motion for downward departure and sentencing memorandum (Filing No. 35) that the defense is not pursuing its objections. In any event, under NECrimR 32.1(b)(6) the Court need not entertain objections not filed with the Court.

hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

    3.    Absent submission of the information required by paragraph 2 of this Order, my tentative findings may become final;

    4.    Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing; and

    5.    The Defendant's motion for downward departure (Filing No. 35) will be heard at sentencing.

DATED this 20th day of April, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge